UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA, ex rel, KAREN MEMHARDT, appearing QUI TAM,

Plaintiff/Relator,

vs.

CITIGROUP, INC., CITIBANK N.A., INC., CITIMORTGAGE, INC.,

Defendants.

Case No. 4:18-cv-1076 SEP

**Memorandum and Order**

This matter is before the Court on Defendants' Motion to Dismiss Count One of the Complaint. Doc. [37]. Count One seeks damages under the federal False Claims Act, 31 U.S.C. § 3729. Doc. [1] ¶ 340. For the reasons below, Defendants' Motion is granted.

## I. Background

Following the 2008 financial crisis, the United States government instituted a series of regulatory programs designed to stabilize the housing market and help homeowners avoid foreclosure. Doc. [1] ¶¶ 2-3. These programs created incentives for participating mortgage servicers to modify defaulted loans rather than resort to foreclosure proceedings. *Id.* ¶ 5. Mortgage servicers who wished to reap these incentives entered contracts with the appropriate government agencies, by which they agreed to follow certain modification protocols. *Id.* ¶ 6; *see also* Doc. [38] at 3-5.

Defendants Citigroup, Inc., Citibank N.A., Inc., and CitiMortgage, Inc., (collectively "Defendants") operate one of the largest mortgage servicing companies in the country. Doc. [38]

at 4. Defendants also participate in the government's loan modification programs. Doc. [1] ¶ 11; Doc. [38] at 4. From 2009 to 2013, Plaintiff/Relator Karen Memhardt ("Relator") worked at Defendants' O'Fallon, Missouri, location, first in the Loss Mitigation Department and later in the Collections Department. Doc. [1] ¶¶ 21-22. Relator alleges that, throughout her employment, she witnessed numerous violations of Defendants' obligations under the loan modification programs. Doc. [1] ¶¶ 152-63. These violations, Relator asserts, resulted in the submission of false claims to the federal government. *Id*. ¶ 341.

In 2012, the United States Department of Justice, along with forty-nine states and the District of Columbia, sued several mortgage servicers—including Defendants—for virtually the same conduct Relator alleges in her Complaint. *See* Complaint, *United States v. Bank of America, Corp.*, 1:12-CV-00361 RMC (D.D.C. March 12, 2012). That suit resulted in a settlement that included detailed provisions for regulatory oversight. *See* Doc. [1] ¶ 166. The United States's allegations did not come as a shock to members of the government or the general public. In fact, there were public reports of the mortgage servicers' violations both before the suit was filed and after it had settled. Doc. [38] at 13-18, 21-23.

In early 2014, Relator filed a complaint against Defendants in the United States District Court for the District of Columbia, raising the same allegations as she raises here. *See* Complaint, *Memhardt v. Citigroup, Inc.*, 1:14-CV-00049 RMC (D.D.C. Jan. 14, 2014). Relator's suit was dismissed without prejudice under Federal Rule of Civil Procedure 4(m) after she failed to effect service on Defendants. Order, *Memhardt*, 1:14-CV-00049 RMC (D.D.C. May 31, 2017). Relator then filed suit in this Court a year later.

Defendants move to dismiss Count One of Relator's Complaint on five separate grounds, including the False Claims Act's ("FCA") statute of limitations and public disclosure bar. Doc.

[38] at 1-3. Finding these two grounds dispositive, the Court will not address Defendants' alternative arguments.

## II. Standard of Review

"When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citing *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001)). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate."[1] *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

"[I]n a motion to dismiss, a court may consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record.'" *United States ex rel. Kraxberger v. Kan. City Power & Light Co.*, 756 F.3d 1075, 1083 (8th Cir. 2014) (alteration in original) (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)). Furthermore, "[s]ince the FCA *requires* a court to dismiss a claim based on public disclosure, a court necessarily considers the alleged public documents in its dismissal." *Id.* (emphasis in original).

## III. Discussion

### A. Statute of Limitations

---

[1] Defendants filed their Motion under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), citing uncertainty whether the FCA's public disclosure bar is jurisdictional. Doc. [37] ¶ 1. The Eighth Circuit has previously assumed—albeit without deciding—that issues relating to the public disclosure bar are properly resolved through a Rule 12(b)(6) motion. *United States ex rel. Ambrosecchia v. Paddock Labs., LLC*, 855 F.3d 949, 953-54 (8th Cir. 2017); *United States ex rel. Paulos v. Stryker Corp.*, 762 F.3d 688, 696 (8th Cir. 2014). Accordingly, the Court will evaluate Defendants' Motion under Rule 12(b)(6).

Defendants argue that the bulk of Relator's allegations are barred by the FCA's statute of limitations. Doc. [38] at 29. Claims under the FCA must "be brought within 6 years after the statutory violation" or "within 3 years after the United States official charged with the responsibility to act knew or should have known the relevant facts . . . . Whichever period provides the later date serves as the limitations period." *Conchise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507, 1510 (2019).

The six-year limitations period provides the later date in this case. As Defendants observe, the United States became aware of the relevant facts when Relator filed her first suit against Defendants in 2014. Doc. [38] at 29. Relator's deadline for filing claims under the three-year limitations period therefore passed in 2017. By contrast, Relator alleges that at least some of Defendants' purported violations "occurred shortly before [Relator] was terminated at the end of February 2013." Doc. [46] at 5. Thus, Relator's deadline under the six-year limitations period passed sometime in early 2019.

Relator filed the Complaint in this lawsuit on June 2, 2018. Under the six-year limitations period, Relator's claims for statutory violations occurring before June 2, 2012, are barred as untimely. Unfortunately for Relator, most of her allegations appear to predate June 2, 2012, which means only a fraction of her claims survive the statute of limitations.

Relator does not dispute that her claims for violations occurring before June 2, 2012, are untimely. Instead, she explains to the Court that the federal government is actively investigating Defendants for violating the loan modification requirements, and she implores the Court to "decide any limitations issues so that [the federal government] can continue investigating Defendant[s] for losses as a result of mortgage servicing practices during the Great Recession that likely continue to this day . . . ." Doc. [46] at 34. The Court's ruling, as Relator would have

it, "would be premised on tolling the limitations period between Relator's first filing . . . and the current filing." *Id*.

Relator does not explain how enforcing the statute of limitations in this case would impede any alleged federal investigation. But even assuming it would, Relator does not cite a single case holding that courts may disregard statutes of limitations in the interest of protecting federal investigations. "The party who is claiming the benefit of an exception to the operation of a statute of limitations bears the burden of showing that he is entitled to it." *Wollman v. Gross*, 637 F.2d 544, 549 (8th Cir. 1980) (citation omitted). Relator has not carried this burden, so her claims for violations occurring before June 2, 2012, will be dismissed as untimely.

B. Public Disclosure Bar

Defendants argue that Relator's remaining claims should be dismissed under the FCA's public disclosure bar, 31 U.S.C. § 3730(e)(4). Doc. [38] at 11; Doc. [56] at 11. The public disclosure bar requires district courts to "dismiss an action or claim under [the FCA] . . . if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . unless . . . the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). "Relator bears the burden of establishing the inapplicability of the public disclosure bar." *United States ex rel. Ambrosecchia v. Paddock Labs., LLC*, No. 4:12-CV-02164 RLW, 2015 WL 5605281, at *3 (E.D. Mo. Sept. 23, 2015) (citing *United States ex rel. Ketroser v. Mayo Foundation*, 729 F.3d 825, 828 (8th Cir. 2013)), *aff'd*, 855 F.3d 949 (8th Cir. 2017).

According to Defendants, the fundamental allegations in Relator's Complaint had already been publicly disclosed through the news media, a federal lawsuit, and federal reports. *See generally* Doc. [38] at 11-19, 21-23. Relator does not contest that her allegations had already

been publicly disclosed for the purposes of the public disclosure bar. Rather, she claims she qualifies as an original source of the information. Doc. [46] at 19.

There are two kinds of original sources under the FCA. The first is a person "who . . . prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based . . . ." 31 U.S.C. § 3730(e)(4)(B). The second is a person "who has knowledge that is **independent of** and **materially adds to** the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section." *Id*. (emphasis added).

Relator argues that she meets the second definition of an original source because her claims are based on "knowledge she gained from her four years of employment" with Defendants. Doc. [46] at 20-21. Relator repeatedly emphasizes that she "had firsthand knowledge of non-disclosed examples of Defendants' wrong doing and qualifies as an original source . . . ." *Id*. at 25. Relator also takes pains to distinguish the cases cited in Defendant's Motion, arguing that those cases involved relators who "had not worked at the defendant against whom the suit was brought and so had not gained knowledge that was independent from and which added to the facts which had been publicly disclosed." *Id*. at 20.

Although Relator heavily emphasizes that her knowledge is "independent of" public disclosures, she nowhere argues that the information provided in her Complaint "materially adds to" those disclosures. 31 U.S.C. § 3730(e)(4)(B). Indeed, based on her opposition, one might reasonably conclude that the independent knowledge prong of the "original source" inquiry is exhaustive. *See* Doc. [46] at 25-34. Relator's confusion may be attributable to her heavy reliance on *Minn. Ass'n of Nurse Anesthetists v. Allina Health Sys. Corp.*, 276 F.3d 1032 (8th

Cir. 2002) [hereinafter *Allina Health*]. Doc. [46] at 22, 26-28. There, the Eighth Circuit interpreted a predecessor version of the FCA's public disclosure bar, which did not require that an original source "materially add[] to" prior public disclosures. *Allina Health*, 276 F.3d at 1042 (quoting the predecessor version of 31 U.S.C. § 3730(e)(4)(B)).[2] Therefore, *Allina Health* does nothing to support Plaintiff's compliance with that additional requirement of the current statute. Plaintiff fails to provide any case law or argument supporting such compliance.

Because Relator has not shown that her Complaint "materially adds to" the publicly disclosed information that Defendants cite in their Motion, she has not carried her burden to prove the inapplicability of the public disclosure bar. *Ambrosecchia*, 2015 WL 5605281, at *3. The remainder of the allegations in Count One of Relator's Complaint—that is, all allegations postdating July 2, 2012—are therefore dismissed under 31 U.S.C. § 3730(e)(4)(A).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Citigroup, Inc., Citibank, N.A., Inc., and CitiMortgage, Inc.'s Motion to Dismiss Count One of the Complaint (Doc. [37]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Count One of Plaintiff/Relator Karen Memhardt's Complaint (Doc. [1]) is **DISMISSED**.

Dated this 29th day of October, 2020.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

[2] Many of Plaintiff's citations suffer from the same defect. *See, e.g., In re: Baycol Prods. Litig.*, 870 F.3d 960 (8th Cir. 2017); *U.S. ex rel. Simpson vs. Bayer Healthcare*, 732 F.3d 869 (8th Cir. 2013); *U.S. ex rel. Hays vs. Hoffman*, 325 F. 3d 982 (8th Cir. 2003); *U.S. ex rel. Kester vs. Novartis Pharms. Corp.*,43 F. Supp. 3d 332 (S.D.N.Y. 2014); *U.S. ex rel. Hockett vs. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25 (D.D.C. 2007).